UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **NOLAN C. DAVIS, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 11-2666** |
| **STATE OF LOUISIANA** | **SECTION "J"(4)** |

**REPORT AND RECOMMENDATION**

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

**I.    Factual and Procedural Background**

The petitioner, Nolan C. Davis, Sr. ("Davis"), is a convicted inmate incarcerated in the J. Levy Dabadie Correctional Center in Pineville, Louisiana.[2] On January 7, 2009, Davis was charged

---

[1]Under 28 U.S.C. § 2254(e)(2), an Evidentiary Hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2]Rec. Doc. No. 1.

by bill of information in Orleans Parish with one count of aggravated burglary of an inhabited dwelling while armed with a dangerous weapon.[3]

On April 29, 2009, Davis entered a plea of guilty to an amended charge of aggravated burglary of an inhabited dwelling wherein he committed a battery upon Dennis Ward.[4] On May 18, 2009, while awaiting sentencing, Davis submitted a motion to quash the bill of information as untimely and of relief from his plea due to ineffective assistance of counsel and for appeal.[5] The Trial Court sentenced Davis on June 4, 2009, to serve 12 years at hard labor.[6]

After receiving no response from the Trial Court on his motion to quash, on June 10, 2009, Davis filed a writ of mandamus with the Louisiana Fourth Circuit.[7] The Court denied his application on June 24, 2009, finding that any illegality in his pretrial detention was cured by the filing of the bill of information, and he was not entitled to the relief sought on the claims raised in his application.[8] He did not seek further review of this order.[9]

Davis's conviction became final 30 days after his sentencing, on Monday, July 6, 2009, because he did not seek reconsideration of the sentence or file a proper appeal. La. Code Crim. P.

---

[3] St. Rec. Vol. 1 of 2, Bill of Information, 1/7/09.

[4] *Id.*, as amended; St. Rec. Vol. 1 of 2, Plea Minutes, 4/29/09; Plea Transcript, 4/29/09; Felony Waiver of Constitutional Rights Pleas of Guilty Form, 4/29/09.

[5] St. Rec. Vol. 1 of 2, Motion to Quash, 5/28/09 (dated 5/18/09); Motion for Appeal, 5/29/09.

[6] St. Rec. Vol. 1 of 2, Sentencing Minutes, 6/4/09.

[7] St. Rec. Vol. 2 of 2, 4th Cir. Writ Application, 2009-K-0778, 6/10/09.

[8] St. Rec. Vol. 2 of 2, 4th Cir. Order, 2009-K-0778, 6/24/09.

[9] While this was pending, on June 15, 2009, Davis submitted an application for writ of habeas corpus to the trial court requesting that he be transferred to a DOC facility. St. Rec. Vol. 1 of 2, Application for Writ of Habeas Corpus, dated 6/15/09. This was not post-conviction relief from his judgment to be relevant to this Court's timeliness calculation.

art. 914;¹⁰ *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) ("a conviction becomes final when the time for seeking further direct review in the state court expires.") (quoting *Roberts v. Cockrell*, 319 F.3d 690, 694 (5th Cir. 2003)); *see*, La. Code Crim. P. art. 13 (weekends and holidays not included in calculation of period when it would otherwise be the last day of the period).

## II.    State Post-Conviction Proceedings

On July 26, 2009, Davis submitted another application for writ of mandamus and supervisory writ to the Louisiana Fourth Circuit re-urging his claims that he was denied due process by the untimely filing of the bill of information.¹¹ The Louisiana Fourth Circuit, on September 30, 2009, denied the application under La. Code Crim. P. art. 930.4 as repetitive of claims raised in the prior writ application.¹² Davis did not seek further review of this ruling.

On January 28, 2010, Davis submitted an application for writ of habeas corpus to the Trial Court alleging that his conviction was based on the denial of due process because of an untimely filed bill of information, and that he was prejudiced by his counsel's failure to investigate before advising him to enter a guilty plea.¹³ When he did not receive a ruling from the Trial Court, Davis submitted an application for writ of mandamus to the Louisiana Fourth Circuit on February 23, 2010.¹⁴ The Court, on April 6, 2010, denied Davis's claim regarding the timeliness of the bill of

---

¹⁰Louisiana law requires a criminal defendant to move for leave to appeal within 30 days of the order or judgment that was being appealed or of a ruling on a timely motion to reconsider a sentence. La. Code Crim. P. art. 914 (as amended La. Acts 2003, No. 949, § 1). Failure to move timely for appeal under Art. 914 rendered the conviction and sentence final at the expiration of that period. *State v. Counterman*, 475 So.2d 336, 338 (La. 1985).

¹¹St. Rec. Vol. 2 of 2, 4th Cir. Writ Application, 2009-K-0997, 7/28/09 (dated 7/26/09).

¹²St. Rec. Vol. 2 of 2, 4th Cir. Order, 2009-K-0997, 9/30/09.

¹³St. Rec. Vol. 1of 2, Application for Writ of Habeas Corpus, dated 1/28/10.

¹⁴St. Rec. Vol. 2 of 2, 4th Cir. Writ Application, 2010-K-0315, 3/3/10 (dated 2/23/10). Davis filed another writ application seeking a mandamus with regard to record document copies. St. Rec. Vol. 2 of 2, 4th Cir. Writ Application, 2010-K-0185, 2/5/10 (dated 2/2/10). This is not post-conviction relief relevant to this Court's timeliness calculation.

information as repetitive and denied relief on the claim that he was coerced into pleading for lack of proof.[15]

Davis submitted an untimely[16] writ application to the Louisiana Supreme Court on June 3, 2010, seeking review of that order.[17] The Court denied the application without stated reasons on September 2, 2011.[18]

In October 2011, around the same time he submitted this federal petition, Davis submitted a motion for reconsideration of his sentence to the Trial Court.[19] On October 20, 2011, the Court denied the motion as untimely under La. Code Crim. P. art. 881(A) and *State v. Temple*, 789 So.2d 639 (La. App. 4th Cir. 2001). The record does not indicate that he sought further review of this order.

---

[15] St. Rec. Vol. 2 of 2, 4th Cir. Order, 2010-K-0315, 4/6/10.

[16] Pursuant to La. S. Ct. R. X§5, petitioner had 30 days from the issuance of the state appellate court's opinion to mail or file a timely writ application in the Louisiana Supreme Court, which he did not do.

[17] St. Rec. Vol. 2 of 2, La. S. Ct. Writ Application, 10-KH-1458, 6/22/10 (dated 6/3/10); St. Rec. Vol. 1 of 2, La. S. Ct. Letter, 2010-KH-1458, 6/22/10 (showing postmark of 6/14/10).

[18] *State ex rel. Davis v. State*, 68 So.3d 529 (La. 2011); St. Rec. Vol. 2 of 2, La. S. Ct. Order, 2010-KH-1458, 9/2/11.

[19] St. Rec. Vol. 1 of 2, Motion for Reconsideration if Sentence, 10/12/11 (dated October, 2011 with no specific day given).

### III. Federal Petition

On October 26, 2011, the clerk of this Court filed Davis's petition for federal habeas corpus relief in which he raised the following grounds for relief:[20] (1) the prosecution against him violated his due process rights, because the bill of information was not timely filed; and (2) his counsel gave ineffective assistance, because counsel failed to investigate the case before advising him to enter a plea of guilty.

In its response, the State argues that the petition was untimely filed and should be dismissed as time barred.[21]

### IV. General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[22] applies to this petition, which is deemed filed in this court under the federal mailbox rule on October 6, 2011.[23] The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies

---

[20]Rec. Doc. No. 1.

[21]Rec. Doc. No. 9.

[22]The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[23]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Davis's federal habeas petition on October 26, 2011, when pauper status was granted. Davis dated his signature on the memorandum in support of his petition on October 6, 2011. According to the clerk's tendered dates, this was received prior to the required form dated later on October 18, 2011. The Court will consider October 6, 2011, to be the earliest date on which Davis could have been submitted the initial pleadings to prison officials for mailing.

and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State asserts that Davis did not timely file his federal petition, because his sole application to the Louisiana Supreme Court was not timely filed and did not provide tolling of the AEDPA filing period. For the reasons below, the Court finds that Davis's federal petition was not timely filed under the AEDPA.

## V.    **Statute of Limitations**

The AEDPA requires a petitioner to bring his § 2254 claim within one year of the date his conviction became final.[24] *Duncan v. Walker*, 533 U.S. 167, 179-80 (2001). As discussed above, Davis's conviction was deemed final on July 6, 2009. Under the plain language of § 2244, Davis had one year, or until July 6, 2010, to file a timely federal application for habeas corpus relief and he failed to do so. Thus, literal application of the statute would bar Davis's § 2254 petition as of that date unless he is entitled to tolling as provided for by the AEDPA.

---

[24]The statute of limitations provision of the AEDPA provides for other triggers which do not apply here:
(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

A.   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
B.   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
C.   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
D.   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d) (2006).

Section 2244(d)(2) provides that the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *See* 28 U.S.C. § 2244(d)(2) (2006). In order for a state post-conviction application to be considered "properly filed" within the meaning of § 2244(d)(2), the applicant must have complied with all of the State's procedural requirements, such as timeliness and place of filing. *Pace v. DiGuglielmo*, 544 U.S. 408, 413-14 (2005); *Williams v. Cain*, 217 F.3d 303, 306-07 n.4 (5th Cir. 2000) (quoting *Smith v. Ward*, 209 F.3d 383, 384-85 (5th Cir. 2000)); *Villegas v. Johnson*, 184 F.3d 467, 469 (5th Cir. 1999), *reh'g denied*, 196 F.3d 1259 (5th Cir. 1999). For purposes of the AEDPA, a timeliness calculation in Louisiana requires the application of the prison mailbox rule to state pleadings. *Causey v. Cain*, 450 F.3d 601, 604-05 (5th Cir. 2006). The Court has applied this rule in presenting the procedural history recited above.

A matter is "pending" for § 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" *Carey v. Saffold*, 536 U.S. 214, 219-20 (2002); *Williams*, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until further appellate review is unavailable under Louisiana's procedures.'") (quoting *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000)); *see also Melancon v. Kaylo*, 259 F.3d 401, 405 (5th Cir. 2001).

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. *Dillworth v. Johnson*, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); *Nara v. Frank*, 264 F.3d 310, 316 (3d Cir. 2001), *overruled on other grounds by Carey*, 536 U.S. at 122 (motion to withdraw a guilty plea is "other collateral

7

review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. *Godfrey v. Dretke*, 396 F.3d 681, 686-88 (5th Cir. 2005).

Furthermore, requests for documents and transcript copies like those filed by Davis in the state courts are not other collateral review for purposes of the tolling calculation. *Osborne v. Boone*, 176 F.3d 489, 1999 WL 203523, at *2 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for transcript copies is not "other collateral review" for tolling purposes); *Brown v. Cain*, 112 F. Supp.2d 585, 587 (E.D. La. 2000), *aff'd*, 239 F.3d 365 (5th Cir. 2000); *Gerrets v. Futrell*, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); *Jones v. Johnson*, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); *Grayson v. Grayson*, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling); *Cf. Gonzales v. Wilkinson*, 269 Fed. Appx. 481, 484-86 (5th Cir. Mar. 12, 2008) (delay in receiving transcript copies does not warrant statutory or equitable tolling where motion based on the transcript was not timely or properly filed under state law).

In the instant case, Davis's conviction became final on July 6, 2009. Just prior to that, on June 24, 2009, the Louisiana Fourth Circuit denied a writ application related to his efforts to quash the bill of information after he entered his plea of guilty and before he was sentenced. From that date, Davis had 30 days to seek review of that order in the Louisiana Supreme Court, which he did not do. Affording him every benefit, the Court will consider that period of time to have tolled the AEDPA filing period through Friday, July 24, 2009.

Because Davis submitted (under the applicable mailbox rule) a second application to the Louisiana Fourth Circuit on Sunday, July 26, 2009, the filing period remained further tolled through Friday, October 30, 2009, when he did not seek review of that Court's September 30, 2009 order. The AEDPA filing period, therefore, began to run on Monday, November 2, 2009, and did so for 86 days, until January 28, 2010, when he filed his first post-conviction writ application in the state trial court. The filing period remained tolled until May 6, 2010, when he did not seek review of the Louisiana Fourth Circuit's related order issued on April 6, 2010.

The AEDPA filing period began to run again on April 7, 2010, and did so for the remaining 279 days, until January 10, 2011, when it expired. Davis had no properly filed state post-conviction or other collateral review pending during that time period.

As argued by the State, and as the record shows, Davis submitted a writ application to the Louisiana Supreme Court on June 3, 2010 seeking review of the Louisiana Fourth Circuit's April 6, 2010, ruling.[25] This writ application was not timely filed under La. S. Ct. Rule X§5.

As noted above, pursuant to La. S. Ct. Rule X§5, an application seeking review of a judgment by the court of appeal shall be filed or postmarked within 30 days of the issuance of the judgment under review or from the denial of a timely filed application for rehearing. *Accord Wilson v. Cain*, 564 F.3d 702 (5th Cir. 2009). In the prisoner context, the Court must also consider when the pleading was submitted to prison officials for mailing. *See*, *Causey*, 450 F.3d at 601.

Davis dated his signature on the pleading on June 3, 2010, which for purposes of the mailbox rule is the earliest date on which he could have given the pleading to prison officials for mailing to the Louisiana Supreme Court. This was not within the time limit proscribed in La. S. Ct. Rule X§5.

---

[25]St. Rec. Vol. 2 of 2, La. S. Ct. Writ Application, 10-KH-1458, 6/22/10 (dated 6/3/10); St. Rec. Vol. 1 of 2, La. S. Ct. Letter, 2010-KH-1458, 6/22/10 (showing postmark of 6/14/10).

A writ application which fails to comply with La. S. Ct. Rule X§5 is not "properly filed" because it is untimely, and it is not pending as post-conviction review for purposes of the AEDPA's statute of limitations and tolling doctrines. *Butler v. Cain*, 533 F.3d 314, 318-319 (2008); *Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004) (failure to file state pleadings in the time-frame provided for under state law rendered the pleadings not properly filed); *Wardlaw v. Cain*, 541 F.3d 275, 279 (5th Cir. 2008) (same). Davis's 2010 Louisiana Supreme Court writ application did not interrupt or toll the AEDPA filing period which expired on January 10, 2011, as calculated above.

The post-AEDPA jurisprudence also provides for equitable tolling where rare or extraordinary circumstances may have prevented a diligent petitioner from timely pursuing federal habeas corpus. *Pace*, 544 U.S. at 418; *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999), *cert. denied*, 531 U.S. 1164 (2001); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998); *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998), *cert. denied*, 526 U.S. 1074 (1999). Equitable tolling is warranted <u>only</u> in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights. *Pace*, 544 U.S. at 418-19; *Cousin*, 310 F.3d at 848. Equitable tolling has only been extended under extraordinary circumstances outside the control of the petitioner. *See Holland v. Florida*, __ U.S. __, 130 S.Ct. 2549, 2574-75 (2010) (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests to timely file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); *Hardy v. Quarterman*, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied,

petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); *United States v. Wynn*, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); *Coleman*, 184 F.3d at 402 ("A garden variety claim of excusable neglect does not support equitable tolling."); *Fisher*, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in a psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); *Cantu-Tzin*, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); *Davis*, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In this case, Davis has not presented, and the record does not demonstrate, any basis for extending the extraordinary remedy of equitable tolling. There is nothing in this record to warrant equitable tolling.

Davis's federal petition is deemed filed on October 6, 2011, which is almost 10 months after the AEDPA filing period expired on January 10, 2011. Therefore, Davis's federal petition was untimely filed and must be dismissed for that reason.

## VI. Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Nolan C. Davis, Sr.'s petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DENIED** and **DISMISSED WITH PREJUDICE** as time barred.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[26]

New Orleans, Louisiana, this 25th day of January, 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[26] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.